# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**

**JUDGE**

## LETTER OPINION

November 6, 2009

Abbas Elcheikhali
#236729
Seneca County Jail
3040 South State Route 100
Tiffin, OH 44883
*Pro Se Petitioner*

Deborah J. Gannett
Assistant U.S. Attorney
Peter Rodino Federal Building
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorney for Respondent*

   Re: *United States of America v. Abbas Elcheikhali*
     Civil Action No. 09-CV-1033 (WJM)

Dear Litigants:

  This matter comes before the Court on the motion of pro se prisoner Abbas Elcheikhali ("Elcheikali" or "Petitioner") to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## BACKGROUND

  In 2006, Petitioner pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 371.  (Plea Agreement with Abbas Elcheikhali dated November 16, 2006, hereinafter "11/16/06 Plea Agreement").  On June 1, 2007, while on supervised release and while

allegedly cooperating with the government, Petitioner was arrested on new charges of bank fraud and identity theft. (Resp't Br. at 2).  On June 14, 2007, he pled guilty to bank fraud, in violation of 18 U.S.C. § 1344, and identity theft, in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 2. (*Id*.).  By the terms of this plea agreement, Petitioner waived the right to file an appeal, collateral attack, writ or motion after sentencing, if the "sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13." (Plea Agreement with Abbas Elcheikhali dated June 14, 2007, hereinafter "6/14/07 Plea Agreement," at 4, 7).

The two separate criminal cases were consolidated before sentencing.  At a hearing on May 29, 2008, Petitioner was sentenced to 30 months imprisonment for conspiracy to commit mail fraud, bank fraud, and identity theft.  (5/29/08 Sentencing Hearing, Transcript at 11.16-21).  The Probation Department initially calculated his total offense level to be a level 18, which would have resulted in 41 to 51 months imprisonment.  However, the United States Attorney for the District of New Jersey (hereinafter "the Government") and defense counsel stipulated that the total offense level would be 13, resulting in 24 to 30 months imprisonment.  (6/14/07 Plea Agreement at 7).

## ANALYSIS

28 U.S.C. § 2255 provides that a prisoner in custody serving a sentence imposed by a federal court may move the court that imposed the sentence to either vacate, set aside, or correct the sentence.  However, the statute does not afford a remedy for all errors that may have been made at trial or at sentencing.  *United States v. Addonizio*, 442 U.S. 178 (1979).  Errors warranting modification must raise "a fundamental defect which inherently results in a complete miscarriage of justice."  *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A prisoner can challenge his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Petitioner raises three challenges to the sentenced imposed: (1)  ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) a claim that the delay in his sentencing resulted in an increase in his criminal history category and caused him to receive a higher sentence.  His arguments are considered in turn.  The Government also raises the issue of waiver, which is addressed at the outset.

### A.  The Government's Waiver Argument

In his plea agreement dated June 14, 2007, Elcheikhali agreed to waive his rights to file an appeal, collateral attack, writ or motion after sentencing, including a § 2255 motion, if the "sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13." (6/14/07 Plea Agreement at 4, 7).  The 30 months sentence that Elcheikhali received falls within the Guidelines range of a level 13 offense, as stipulated to by the Government and defense counsel. As such, Elcheikhali has waived his right to file a § 2255 motion.

2

Waiver of the right to file a § 2255 motion in a plea agreement is enforceable provided that the waiver was knowing and voluntary. *See U.S. v. Khattak*, 273 F.3d 557, 561-562 (3d Cir. 2001); *see also U.S. v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). In determining whether a waiver of the right to appeal is knowing and voluntary, the findings of the sentencing judge are critical. *See Gwinnett*, 483 F.3d at 203 (upholding waiver as valid when the sentencing judge, in accordance with Fed. R. Civ. P. 11, questioned the defendant at his plea hearing and concluded that he understood the terms of his plea agreement and was entering into it voluntarily).

Here, the evidence shows that Elcheikhali entered into his plea agreement and waived his rights to appeal knowingly and voluntarily. First, he has not argued that his entry into the plea agreement was not knowing or voluntary. Second, the language of the plea agreement was clear as to its purpose to bind Elcheikhali, the Government, and the Court as to its provisions, including the sentence. Moreover, it contained a mutual waiver of appellate rights. In addition to Elcheikhali's waiver, the Government also agreed not to file any appeal, motion, or writ challenging the sentence imposed if it fell within or above the Guidelines range for an offense level of 13. (6/14/07 Plea Agreement at 7). Third and most importantly, the district judge questioned Elcheikhali at his plea hearing held on August 7, 2007. He asked Elcheikhali if the signature on the plea agreement dated June 14, 2007 was his own, to which Elcheikhali responded "Yes, your honor." (8/7/07 Plea Hearing, Transcript at 9.6-11). The judge then asked him if, before signing the document, he had gone over it with his lawyer so that the lawyer could answer any questions he might have had. Elcheikhali responded "Yes, your honor." (*Id*. at 9.12-16). Next, the Court asked him if he had signed the agreement "voluntarily, without anybody forcing, or threatening you to do that," to which Elcheikhali said "Yes, your honor." (*Id.* at 9.19-21). Finally, the Court asked Petitioner if he understood the terms of the plea agreement, including the fact that he was restricting his right to appeal his sentence, to which Elcheikhali stated "Yes, your honor." (*Id.* at 11.13-20). He also asked him if he had discussed this waiver of the right to appeal with his attorney, to which Elcheikhali said "Yes, your honor." (*Id*. at 11.21-22). At the conclusion of the hearing, the Court stated that it was satisfied that Petitioner was "fully confident and capable and entering an informed plea," was "aware of the nature of the charges and the consequence of the plea; and the plea of guilty is a knowing and voluntary plea; and is supported by an independence [sic] basis in fact." (*Id*. at 18.7-14). For these reasons, the Court finds that Elcheikhali's waiver was valid and that he is barred from bringing the instant motion.

## B.     Elcheikhali's Arguments

Even if the Government had not successfully demonstrated that this motion is barred as the result of waiver, Elcheikhali's arguments with respect to ineffective assistance of counsel, prosecutorial misconduct, and a prejudicial delay in sentencing are without merit. These arguments are addressed in turn.

### 1.     Ineffective Assistance of Counsel Claims

The test for ineffective assistance of counsel requires the petitioner to show that (1) counsel's performance was deficient and contained errors so serious as to deny the protections of the Sixth Amendment, and (2) the results of the proceedings would have been different, were it

not for the errors of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  Thus, a petitioner must demonstrate both a breach of duty and prejudice suffered as a result of that breach.  *United States v. Nino*, 878 F.2d 101, 103-104 (3d Cir. 1989).

Elcheikhali's ineffective assistance of counsel claims can be divided into two parts.  First, he argues that his counsel was deficient by advising him to cooperate with the Government in exchange for which the Government would provide him with a letter pursuant to U.S.S.G. § 5K1.1 recommending a further downward departure in his sentence, because Elcheikhali never received such a letter.  (Pet'r Br. at 5).  However, the record shows that Elcheikhali violated the terms of his initial plea agreement with the Government by continuing to engage in criminal activity while on supervised release and in fact was re-arrested while purportedly cooperating. (5/29/08 Sentencing Hearing, Transcript at 4.22-5.5).  Therefore, the Government's failure to provide the letter was the result of Elcheikhali's breach of the terms of his cooperation agreement and not the result of deficient performance by his counsel.  This claim fails.

Secondly, Petitioner argues that his counsel was ineffective by failing to inform him that he could be deported as the result of his conviction.  (Pet'r Br. at 6).  The Third Circuit has not ruled on whether or not an attorney must inform his client of possible future immigration proceedings in order to comply with the Sixth Amendment.  *See Nino*, 878 F.2d at 105 (declining to decide "whether counsel's failure to advise a client about the deportation consequences of a guilty plea can constitute deficient representation absent special circumstances").  However, other districts and circuits have found that counsel is not required to inform a client of all collateral consequences of a guilty plea, and that deportation constitutes a collateral consequence. *See Mastrogiacomo v. U.S.*, 2001 WL 799741 at *3 (S.D.N.Y.); *U.S. v. Olvera*, 954 F.2d 788, 793 (2d Cir. 1992).

Moreover, it is apparent from the transcripts of Elcheihkali's plea and sentencing hearings that he was aware of the possibility that he could be deported.   At his first plea hearing, on January 8, 2007, the record reflects that the judge questioned him with respect to his understanding of the proceedings and their consequences.  (1/8/07 Plea Hearing, Transcript at 11).  The Court asked Elcheikhali if he was a citizen, to which he responded no.  (*Id.* at 11.3-5). The Court then asked "All right. You should know that by pleading guilty to this charge, you may have problems with immigration.  I don't know what your status is... But you may have a problem with immigration in terms of they may seek to remove you from the United States... Do you understand that?"  Elcheikhali responded that he did understand.  (*Id.* at 11.6-12).

Next, at the second plea hearing on August 7, 2007, the Court asked Petitioner similar questions.  Specifically, the Court again asked him if he was a citizen of the United States, to which Elcheikhali again said no.  The Court then said to Petitioner that he should "understand that a conviction like this might have an effect on your ability to remain in this country.  I can't tell you what the laws are in that respect, except I can tell you it might have some effect on your being removed from this country and returning to your homeland.  Do you understand that?" (8/7/07 Plea Hearing, Transcript at 13.8-13).  Petitioner again said "Yes, your Honor." (*Id.* at 13.14).  Finally, at the sentencing hearing for the consolidated matters on May 29, 2008, the Judge again questioned Elcheikhali, saying "You understand there's a good likelihood you're going to be deported out of this country.  Correct?" and Elcheikhali said "I know."  (5/29/08 Sentencing Hearing, Transcript at 9.15-17).  Thus, regardless of what Elcheikhali's lawyer was

required to tell him or what he did tell him about deportation consequences, Elcheikhali knew he could be deported as a result of his guilty plea.  Therefore, he cannot argue that but for the failure of his counsel to tell him this, he would not have entered into the plea bargain.  There was no prejudice to Elcheikhali, and his claim fails.

### 2.        Prosecutorial Misconduct Claim

Elcheikhali also argues that it was prosecutorial misconduct for the Government to decline to issue a U.S.S.G. § 5K1.1 letter on his behalf.  (Pet'r Br. at 5).  This argument lacks merit.  As stated above, the determination not to provide the letter was made because, as the record reflects, the cooperation agreement and all associated benefits were voided when Elcheikhali violated its provisions by continuing to commit crimes.  (5/29/08 Sentencing Hearing, Transcript at 5.1-5, 11.1-8).  Therefore, Elcheikhali's failure to receive a letter was due to his own misconduct, not prosecutorial misconduct.  This claim must be dismissed.

### 3.        Delay in Sentencing Led to a Higher Sentence Claim

Elcheikhali's final argument is that the seven month delay in his sentencing, which was originally set for October 25, 2007 but rescheduled to May 29, 2008, was prejudicial and caused him to receive a higher sentence than he otherwise would have.  (Pet'r Br. at 3).  He bases this claim on the fact that during the  time that elapsed, he plead guilty to unrelated charges in state court, causing his criminal history category to rise from III to IV.  He asserts that this caused him to receive an elevated sentence.  However, this argument is equally unavailing.  His offense level of 13, which carries a 24 to 30 month sentencing range, was determined in the Plea Agreement signed June 17, 2007, four months before even his first sentencing date, and was never changed.  Therefore, the increase in his criminal history category had no effect upon the length of his sentence.  This claim must be dismissed.

### CONCLUSION

For the reasons stated above, Elcheikhali's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.  An appropriate order follows.


/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**