UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
**JUDGE**

**LETTER OPINION**

February 8, 2010

Abbas Elcheikhali
#236729
Seneca County Jail
3040 South State Route 100
Tiffin, OH 44883
*Pro Se Petitioner*

Deborah J. Gannett
Assistant U.S. Attorney
Peter Rodino Federal Building
970 Broad Street, Suite 700
Newark, NJ 07102
*Attorney for Respondent*

      Re:   *United States of America v. Abbas Elcheikhali*
              Civil Action No. 09-CV-1033 (WJM)

Dear Litigants:

      This matter comes before the Court on the motion of *pro se* prisoner Abbas Elcheikhali ("Elcheikhali" or "Petitioner") seeking reconsideration of the Court's November 6, 2009 order denying his motion to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## BACKGROUND

In 2006, Petitioner pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 371. (Plea Agreement with Abbas Elcheikhali dated November 16, 2006). In 2007, while on supervised release and allegedly cooperating with the government, Elcheikhali was arrested on new charges of bank fraud and identity theft. (Resp't § 2255 Br. at 2). In 2007, he pled guilty to bank fraud, in violation of 18 U.S.C. § 1344, and identity theft, in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 2. (*Id*.). By the terms of the second plea agreement, Elcheikhali waived the right to file an appeal, collateral attack, writ or motion after sentencing, if the "sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13." (Plea Agreement with Abbas Elcheikhali dated June 14, 2007). The two separate criminal cases were consolidated before sentencing. In 2008, Elcheikhali was sentenced to 30 months imprisonment, which is equal to a total offense level of 13.

Petitioner filed a motion to vacate, set aside or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255 in 2009. He based his motion, in part, on alleged ineffective assistance of counsel. (Pet'r § 2255 Br. at 5). In particular, he argued that his attorney was deficient for having advised him to cooperate with the government in exchange for a letter recommending a downward departure in sentencing, because the government never provided him with such a letter. (*Id*.). He also argued that his attorney was ineffective for allegedly failing to inform him of the possible immigration consequences of entering a guilty plea. (*Id*. at 6).

By letter opinion and order dated November 6, 2009, the Court rejected both of Elcheikhali's arguments. The Court found that the government failed to issue the downward departure letter because Elceihkali violated the terms of the plea agreements by continuing to engage in criminal activity, such that his attorney's advice was not improper or deficient. (11/6/09 Opinion at 4). The Court also observed that Elcheikhali was informed by the Court on three separate occasions in open court that he could be deported as a result of entering a guilty plea. (*Id*. at 4-5). Therefore, the Court concluded, Elcheikhali was aware of this possibility, regardless of what information or advice he was given by his attorney. (*Id*.).

The Court also examined the circumstances surrounding Elcheikhali's entry into the plea agreement and his waiver of the right to appeal. The Court considered the questions it had asked Elcheikhali at his hearings, as well as Elcheikhali's spoken answers. (*Id*. at 3). The Court found that plea and waiver were both entered into knowingly and voluntarily. (*Id*.). For all of these reasons, the Court denied the § 2255 motion.

At present, Elcheikhali has filed a motion for reconsideration. In seeking reconsideration of the denial, Petitioner articulates essentially the same grounds as previously: that (1) he was allegedly told by the Assistant U.S. Attorney to answer yes to all of the Court's questions at the plea hearing (implying that his entry of the plea was not

knowing or voluntary); (2) he did not realize his plea agreement contained a waiver of appeal; (3) he was entitled to a downward departure letter pursuant to U.S.S.G. § 5K1.1 despite the government's determination to the contrary; and (4) he was unaware of the immigration consequences of entering a guilty plea and, but for counsel's allegedly improper advice, he would not have entered the plea. (Pt'r Br. at 1-2).

## ANALYSIS

Federal Rule of Civil Procedure Procedure 59(e) and Local Civil Rule 7.1(i) permit the filing of a motion for reconsideration in a criminal matter. Fed. R. Civ. P. 59(e); L.Civ.R. 7.1(I); *U.S. v. Fiorelli,* 337 F.3d 282, 286 (3d Cir.2003). It is well-established that a court may grant a motion for reconsideration only if the moving party demonstrates that the court, in reaching its prior decision, overlooked a controlling decision of law or a dispositive factual matter which, if considered by the court, might reasonably have resulted in a different conclusion. *See Bryan v. Shah,* 351 F.Supp.2d 295, 297 (D.N.J. 2005); *Bowers v. Nat'l Collegiate Athletic Assoc.,* 130 F.Supp.2d 610, 612 (D.N.J. 2001). However, relief by way of a motion for reargument is "an extraordinary remedy" that is only to be granted "very sparingly." *See NL Indus. Inc. v. Commercial Union Ins. Co.,* 935 F.Supp. 513, 516 (D.N.J. 1996); *Maldonado v. Lucca,* 636 F.Supp. 621, 630 (D.N.J. 1986).

To prevail on a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law, (2) the existence of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J. 1992).

Significantly, a motion for reconsideration may not be used to re-litigate old matters or to argue new matters that could have been raised before the original decision was reached. *P. Schoenfeld Asset Mgmt.*, 161 F.Supp.2d at 352. A party seeking reconsideration must show more than a disagreement with the Court's decision. Recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden. *Id.*

Here, the arguments that Petitioner makes in support of reconsideration are virtually identical to those that he previously raised in his § 2255 motion with respect to ineffective assistance of counsel. He alleges that he was coached by the Assistant U.S. Attorney to answer affirmatively to all the Court's questions, implying that his entry into the plea agreement and waiver of the right to appeal was not knowing or voluntary; that he was unaware his plea agreement contained a waiver of appeal; that he was entitled to a downward departure despite the government's findings to the contrary; and that he was

not aware that he could be deported for entering a guilty plea. (Pt'r Br. at 1-2). However, as noted above, the Court already considered these very arguments and found them to be without merit.

Specifically, as also noted above, the Court found that Elcheikhali's entry into the plea agreement and waiver were knowing and voluntary; that he violated the terms of his plea agreement by continuing to engage in criminal behavior such that he was not entitled to a downward departure in sentencing; and that regardless of what his attorney told him, the Court itself informed Elcheikhali on three separate occasions that deportation was a possible consequence of entering the guilty plea. (11/09/09 Opinion at 3, 4). Significantly, Elcheikhali does not identify any changes in controlling law, the existence of newly available evidence, nor any clear errors of law or fact made by the Court. Rather, he simply recapitulates his prior arguments. As such, his motion contains no grounds upon which reconsideration can be granted and therefore must be dismissed.

## CONCLUSION

For the reasons stated above, Petitioner's motion for reconsideration is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**